ORIGINAL

In The

Texas Court of Criminal Appeals

Billy Ray Day Jr.

VS

The State of Texas

No. 13-14-00040-CR

## PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

NOV 09 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 09 2015

Abel Acosta, Clerk

Billy Ray Day Jr
pro se #1899048

RECEIVED

OCT 29 2015

13th COURT OF APPEALS

P 1 of 6

## In The
## Texas Court of Criminal Appeals

Billy Ray Day Jr.

VS.                                    No. 13-14-00040-CR

The State of Texas

## PETITION FOR REVIEW

To The Honorable Court of Criminal Appeals:

## I. Statement of the Case

A jury convicted appellant, Billy Ray Day Jr, of indecency with a child by sexual contact a second-degree felony See Tex Penal Code § 21.11 (a)(1)(d)(West, Westlaw through Ch. 46, 2015 R.S) Because the jury also found that Day had a prior conviction for aggravated sexual assault, a mandatory sentence of life imprisonment was imposed. See id § 12.42(c)(2)(A)(i)(C)(2)(B)(ii)(West, West law through Ch. 46, 2015, R.S.). On appeal, Day claims by two issues that the trial court erred in admitting evidence of his prior conviction for sexual assault under Texas Rules of Evidence 404(b) and 403, respectively.

## II Procedural History of the Case.

On April 27, 2011, Day was changed by indictment with indecency with a child by sexual contact. See id. § 21.11(A)(1). The indictment also alleged that, in 2000, Day was convicted of aggra-sexual assault of a child younger than 14 years old. See id § 22.021 (West, Westlaw through Ch. 46, 2015 R.S). Notice of appeal was given in the trial court and the case appealed to the 13th Court of Appeals. [1] The Court of Appeals opinion denying relief to defendant was delivered on 23rd day of July 2015. A motion for rehearing was not filed. (Prior to trial Day filed a motion in limine which the court granted to keep the State from introducing Day's prior conviction).

Petitioner Day is filing this P.D.R. under TRAP Rule 66.3(f): Whether a court of Appeals has so far departed from the accepted and usual course of judicial proceedings; or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals. power of supervision.

## GROUND ONE-

Day claims that the court of appeals incorrectly sanctioned the lower courts departure from the usual course of judicial proceeding by holding during the direct appeal that Day was not harmed after the State erroneously introduced Day's prior conviction very early on during the State's case-in-chief; what happened was that the trial court had granted Day's motion in limine prior to trial agreeing with Day that the State would not introduce Day's prior without first holding a hearing outside the presence of the jury; but the State violated that agreement and underwent "trial by ambush" and didn't receive a fair trial.

---

[1] This appeal was transferred from the 10th Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. See Texas Govt Code § Ann. § 23.001 (West, Westlaw through Ch 46).

Day also claims that the court of criminal appeals incorrectly held that the 6th District Court did not abuse its discretion in not granting Day a mistrial after the trial court agreed with Day that the State had violated the motion in limine after it erroneously brought Day's prior conviction, but instead of granting Day's motion for mistrial, it instead bailed the State out by giving the jury the standard boiler-plate limiting instruction, which did not cure the prejudicial harm suffered by Day. The court of appeals took lightly the prejudicial harm suffered by Day. They just overlooked it. The trial court committed Plain Error, because it violated its own order about not allowing prior without hearing outside jury. The trial court had prior to trial determined that Day's prior conviction was off-limits to the State due to the nature of the crime, and so the court granted the motion in limine because it knew that it would be highly prejudicial to Day. But all of that didn't matter, either to the trial court or the court of appeals, because when the State violated the motion in limine, and illegally brought in Day's prior, the court instead of granting a mistrial simply bailed out the State by allowing the State to clean up its error by allowing it to then properly introduce the prior to the jury as if no error had been committed by the State. But that error had the effect of undermining Day's motion in limine that the court granted, thereby making the trial fundamentally unfair, which was there to protect applicant from that prior. But it did no good.

Petitioner also claims that the trial court didn't grant a mistrial for economic reasons since it didn't want to create economic hardship on this small rural county with limited resources, but as the U.S. Supreme Court has ruled in times past, "lack of resources is not a reason to violate a defendants due process rights." When the State illegally brought in Day's prior, he underwent a "trial by ambush" he didn't receive a fair trial.

Petitioner claims that the court of appeals erred by not realizing that both crimes, the instant one, and the one from 2000 were not the same or identical.

In the one from 2000, petitioner was 17 and the victim was 14, a 3-yr. difference. In the instant case, the victim was 10 while petitioner was 35. A greater age difference.

## GROUND TWO

Petitioner claims that the court allowed Rule 404(b) to be violated by the State.

Rule 404(b) provides that "[e]vidence of a crime, wrong, on other act is not admissible to prove a person's character in order to show that on a particular occassion the person acted in accordance with the character."

Eventhough this is the rule, but the prosecutor stated the following:

What other things tell you that what [C.E.] is saying is true? We know she's not making this up, that she is not fabricating this, because [Day] has done this before right? That conviction from 2000. And how can you use that? How can you use that? You can use it and look at it and say, You know what, this has happened before, he was convicted of it. And so you know that its true... So that makes it less likely that [C.E.] in this case is making it up, right?

Eventhough 404(b) states that it can't be used to show that on a particular occassion the person acted in conformity therewith, but the State did that in that statement to the jury and it caused Day undue prejudice.

Petitioner prays for the appropriate relief in this P.D.R.

Petitioner is invoking TRAP Rule 2 asking this court to suspend the rules requiring me to make additional copies and services since I dont have access to a copier.

Thank you,
Sincerely.

x Billy Ray Day Jr.
Billy Ray Day Jr. pro se
Bill Clements Unit
9601 Spur 591
Amarillo, Tx. 79107

Dated: 10-21-15



NUMBER 13-14-00040-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

BILLY RAY DAY JR.,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

On appeal from the 66th District Court
of Hill County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Longoria**
**Memorandum Opinion by Justice Garza**

A jury convicted appellant, Billy Ray Day Jr., of indecency with a child by sexual contact, a second-degree felony. *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (d) (West, Westlaw through Ch. 46, 2015 R.S.). Because the jury also found that Day had a prior conviction for aggravated sexual assault, a mandatory sentence of life imprisonment was imposed. *See id.* § 12.42(c)(2)(A)(i), (c)(2)(B)(ii) (West, Westlaw through Ch. 46, 2015

R.S.). On appeal, Day claims by two issues that the trial court erred in admitting evidence of his prior conviction for sexual assault under Texas Rules of Evidence 404(b) and 403, respectively. We affirm.[1]

## I. BACKGROUND

On April 27, 2011, Day was charged by indictment with indecency with a child by sexual contact. *See id.* § 21.11(a)(1). The indictment also alleged that in 2000, Day was convicted of aggravated sexual assault of a child younger than fourteen years old. *See id.* § 22.021 (West, Westlaw through Ch. 46, 2015 R.S.).

Day is the stepfather of C.F.,[2] the complainant in this case. Following the divorce of C.F.'s parents, C.F.'s mother was granted custody of C.F. and her younger sister, and the children moved to Georgia to live with their mother and Day. During the custody dispute, C.F. alleged that her paternal grandmother, M.F., sexually abused her, an allegation which was later found false. C.F.'s father obtained custody after authorities in Georgia removed the girls from the mother's home and placed them in foster care. The two girls have since permanently resided in Wyoming with their father. The custody order grants their mother visitation over the summer and some holidays. During the summer of 2010, C.F., who was ten years old at the time, and her sister, visited their mother and Day, who were then living in Alabama. However, after Day lost his job in Alabama, the family relocated to Texas.

---

[1] This appeal was transferred from the Tenth Court of Appeals pursuant to a docket-equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through Ch. 46, 2015 R.S.).

[2] Although the complainant's identity was not concealed at trial, we use only her initials here to protect her identity.

At trial, C.F. testified that on or about July 15, 2010, while in Texas, Day touched her sexually on two occasions. The family briefly stayed at Day's sister's residence, where C.F. testified that she slept on the bottom bunk of a bunk bed with her mother, Day, and two of C.F.'s half-brothers. C.F. testified that she woke up one night to discover Day's hands under her pants touching her vagina. She pushed his hand away twice, began crying, and left the room to sleep in another bedroom. C.F. further testified that Day followed her to the other bedroom to apologize to her.

The family also visited a residence belonging to Day's brother-in-law's mother, "Momo." C.F. testified that Day slapped her across the face and touched her vagina beneath her clothes during their stay at Momo's house. According to C.F., Day asked C.F. to massage his broken foot and, when she stopped massaging his foot, he slapped her. C.F. stated that, one day at Momo's, Day was laying on the couch and called C.F. over to lay with him, which she did. She testified that he then pulled down her pants and underwear and touched her vagina using a "circular motion."

C.F. did not report the incidents until she returned to Wyoming. The girls were scheduled to visit their mother again over Christmas break. However, during a phone conversation, C.F. expressed that she did not want to return to Texas and told her mother that Day had slapped her. Her mother denied that the slap ever occurred. After ending the phone call, C.F. told M.F. that Day had touched her "private parts" during their summer visit. C.F. repeated her outcry statement to a school counselor who contacted police in Hill County, Texas, where the alleged incident occurred. Following an investigation by law enforcement in both Hill County and Laramie, Wyoming, appellant was indicted for indecency with a child by sexual contact.

Prior to trial, defense counsel filed a motion in limine requesting that the court instruct the State not to mention any prior convictions or extraneous offenses without first holding a hearing outside the presence of the jury. The trial court granted the motion in limine. However, during M.F.'s testimony, the prosecutor asked: "Okay. So you—I mean, it's been pretty clear that you don't like [Day]. Why is that? I mean, what happened in Georgia that made you not—made you uncomfortable with the girls with [Day]?" M.F. replied: "Because I had found out that he was a child molester." The defense objected to the statement, claiming that the State violated the motion in limine, and requested a mistrial. The prosecutor apologized to the court, stating that she "was not expecting that answer" and "[t]hat is not what I was trying to solicit." She later explained that "what I was trying to solicit is why she thought that the discipline was inappropriate and why the kids were in foster care . . . ."

The court agreed that the motion in limine had been violated but denied the motion for mistrial. Instead, the court issued a limiting instruction to the jury.[3] The court also

---

[3] The trial court instructed the jury as follows:

Ladies and gentlemen of the jury, you are instructed that evidence that the defendant has been or may have been involved with other offenses, wrongs, or acts other than the act for which he is on trial has come into this case. You are instructed that the— that evidence concerning other crimes, wrongs, or acts in this case may be considered only if you believe beyond a reasonable doubt that the defendant committed such other crimes, wrongs, or acts, and even then you may consider such evidence in determining its bearing on relevant matters only, including the state of mind of the defendant and the child and the previous and subsequent relationship between the defendant and the child. You're not to consider the evidence for any other purpose.

You're also instructed that you cannot consider such evidence for any purpose unless you first find from the evidence presented beyond a reasonable doubt that the defendant did commit those other offenses, wrongs, or acts, if any.

Therefore, if the State has not proven the defendant's guilt as to the other offenses, wrongs, or acts, if any, beyond a reasonable doubt or if you have a reasonable doubt of the defendant's guilt of any other offenses, wrongs, or acts, if any, you shall not consider such evidence for any purpose.

Further, even if you find that the State has proven beyond a reasonable doubt the defendant's guilt as to other offenses, wrongs, or acts, if any, you may only consider such

4

extensively discussed, outside the presence of the jury, whether evidence of Day's prior conviction was admissible under Texas Rules of Evidence 404(b) and 403. As to Rule 404(b), the court noted that "the State's position is that it's offering this evidence to rebut appellant's defensive theory" and that the evidence "also goes to showing a motive for the child not wanting to come to Texas apart from a family parental dispute in the state of Georgia." As to Rule 403, the court remarked that "the jury should be able to evaluate the probative force of the evidence without the Court trying to shield or hide information from the jury in this particular matter."

After its discussion regarding Rules 404(b) and 403, the court instructed the prosecutor that "if there's any further oral testimony about that at the guilt or innocence phase, I will grant a mistrial." Nevertheless, the State later called a fingerprint expert to testify that Day had, in 2000, been previously convicted of aggravated sexual assault of a child under fourteen years of age. The judgment of conviction, along with the fingerprint expert's testimony, were admitted into evidence over defense counsel's objection. During closing argument, the prosecutor stated in part:

> What other things tell you that what [C.F.] is saying is true? We know she's not making this up, that she is not fabricating this, because [Day] has done this before, right? That conviction from 2000. And how can you use that? How can you use that? You can use it and look at it and say, You know what, this has happened before; he was convicted of it. And so you know that it's true. . . . So that makes it less likely that [C.F.] in this case is making it up, right?

The trial court overruled defense counsel's objection to this argument.

evidence as evidence of motive, opportunity, intent, preparation, plan, or knowledge in relation to the offense for which the defendant is on trial here in this case, and you may not consider those other wrongs or acts, if any, for any other purpose.

5

The jury convicted Day as charged. In considering punishment, the jury found that Day had been previously convicted of aggravated sexual assault of a child under fourteen years of age. Day was therefore sentenced to a mandatory term of life imprisonment. *See id.* § 12.42(c)(2)(A)(i), (c)(2)(B)(ii). This appeal followed.

## II. DISCUSSION

By his two issues, Day contends that the trial court abused its discretion by admitting evidence of his prior conviction for aggravated sexual assault of a child under fourteen years of age. Day contends by his first issue that the evidence was inadmissible under Texas Rule of Evidence 404(b) and by his second issue that the evidence was inadmissible under Texas Rule of Evidence 403.

### A. Standard of Review

We review a trial court's ruling on the admissibility of evidence using an abuse of discretion standard. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). We will not disturb the trial court's decision as long as the ruling was within the "zone of reasonable disagreement." *Id.*

### B. Rule 404(b)

Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1); *Martin v. State*, 173 S.W.3d 463, 466 (Tex. Crim. App. 2005). However, such evidence may be admissible for other purposes, including proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. TEX. R. EVID. 404(b)(2). Extraneous-offense evidence may also be admissible when a defendant raises a

defensive issue that negates one of the elements of the offense. *Martin*, 173 S.W.3d at 466. Such evidence may be introduced if it "logically serves to make more or less probable an elemental fact, an evidentiary fact that inferentially leads to an elemental fact, or defensive evidence that undermines an elemental fact." *Id.* Whether the extraneous offense evidence has any relevance aside from character conformity, as required by Rule 404(b), is a question for the trial court. *Id.*

Day argues that the evidence at issue was not properly admitted to rebut a defensive theory because the State "opened the door" to the evidence it sought to introduce and the defense never presented an original, rebuttable defensive theory. Further, Day contends that the extraneous offense is not sufficiently similar to the charged offense and is too remote. Lastly, he claims that the court improperly admitted the evidence to show C.F.'s motive.

Extraneous-offense evidence may be admissible when it is introduced to rebut a defensive theory of fabrication. *Bass v. State*, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008). Once the defense opens the door, through either its opening statement or cross-examination, the State can offer extraneous offense evidence to rebut the defensive theory. *Id.* at 564; *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). However, the State may not elicit the defensive theory it wishes to rebut. *See Wheeler v. State*, 67 S.W.3d 879, 885 (Tex. Crim. App. 2002).

Here, the State contends, as it did at trial, that Day raised a fabrication defense during his opening statement and when cross-examining C.F., thus opening the door to the extraneous offense evidence. However, according to Day, the defense only touched on issues that the State had previously addressed during the State's opening statement.

The State concedes that it raised the prior allegations made by C.F. against M.F.; thus, rebuttal evidence would not be permissible on this issue. However, with regard to the custody dispute, the State neither implicitly nor expressly indicated that the custody battle was bitter, hotly contested, or still ongoing. The State also did not raise an issue of visitation disagreements. Instead, defense counsel introduced those issues during his opening statement when he stated:

> This case is about a very bitter divorce and child custody matter that resulted in the parents of [C.F.] . . . putting her in a situation where she was being pulled in both directions. . . .

> And I think the evidence is very clear that in this situation, just like the first allegation she made in 2006 against [M.F.], that neither one of them are true. It was just a result of her being pulled between parents. . . .

> [S]he told a lie one time. It didn't—nothing happened in it. She told another lie, and this time, that's why we're in this courtroom.

By asserting that C.F. "told another lie" as "a result of her being pulled between parents," counsel raised a defensive theory of fabrication. Whether the extraneous offense evidence made the fabrication theory more or less probable is at least subject to reasonable disagreement because the evidence shows that the prior offense involved Day sexually contacting another girl while other people were present, as he is accused of doing in this case. *See Powell*, 63 S.W.3d at 438. Therefore, the trial court did not abuse its discretion in ruling that the evidence was admissible to rebut the fabrication defense. *See Bass*, 270 S.W.3d at 562–63 (agreeing with the State's argument that "if the State can show that a defendant has committed similar sexual assaults against unrelated and unconnected children, an affirmative defense allegation that the victim [of the charged offense] fabricated her claims is less likely to be true").

8

Day contends that even if the defense raised a fabrication theory during trial, the evidence was nonetheless inadmissible because it is not sufficiently similar to the offense in this case. He argues that the only similarity between the two cases is the offense charged. "Although some similarity is required, the requisite degree of similarity is not as exacting as necessary when extraneous-offense evidence is offered to prove identity by showing the defendant's 'system' or *modus operandi.*" *Newton v. State*, 301 S.W.3d 315, 318 (Tex. App.—Waco 2009, pet. ref'd). The trial court did not abuse its discretion in deciding the offenses were similar enough when both victims were prepubescent females, the appellant sexually contacted the victims' vaginas, and the contact occurred in the presence of other family members.

Because we find that the evidence was admissible under Rule 404(b) to rebut Day's defensive theory, we need not address whether the evidence was also admissible, as the trial court held, to show a "motive for the child not wanting to come to Texas apart from a family parental dispute in the state of Georgia." We hold that the trial court did not abuse its discretion in ruling that the evidence did not violate Rule 404(b). Day's first issue is overruled.

## C. Rule 403

By his second issue, appellant contends that the trial court abused its discretion admitting the extraneous-offense evidence because its prejudicial effect substantially outweighed its probative value. According to Texas Rule of Evidence 403, relevant evidence may be excluded if unfair prejudice substantially outweighs the probative value. TEX. R. EVID. 403; *Gigliobianco v. State*, 210 S.W.3d 637, 640 (Tex. Crim. App. 2006). There is a presumption under Rule 403 that the evidence's probative value outweighs

any prejudicial effect, and thus the rule only excludes evidence when there is an obvious disparity between the probative value and prejudicial effect. *Newton*, 301 S.W.3d at 319 (citing *Hammer v. State*, 296 S.W.3d 555, 568–69 (Tex. Crim. App. 2009)).

Under Rule 403, the trial court must balance the probative value of the offered evidence against the prejudice or harm that may result from its admission. *See Montgomery v. State*, 810 S.W.2d 372, 388 (Tex. Crim. App. 1991) (op. on reh'g). We balance a number of factors to determine if the trial court abused its discretion in admitting the extraneous-offense evidence, including: (1) whether the evidence makes a fact of consequence more or less probable or its inherent probative force, (2) the proponent's need for the evidence, (3) the tendency of the evidence to suggest a decision on an improper basis, (4) the tendency of the evidence to confuse or mislead the jury, (5) the tendency of the evidence to be given undue weight by the jury, and (6) the probability that the evidence will be too time-consuming or repetitive. *Newton*, 301 S.W.3d at 319; *Wheeler*, 67 S.W.3d at 888.

When analyzing the first factor, we evaluate the prior offense's remoteness and similarity to the charged offense to determine whether the evidence makes a fact of consequence more or less probable. *Id.* at 318. Day's primary contention is that the prejudicial effect of the extraneous offense evidence substantially outweighs the probative value because the extraneous offense is too remote from and dissimilar to the charged offense.

While the remoteness of the extraneous offense evidence does impact the probative value, there is no set time limitation that must be met for the evidence to have probative value. *Id.* (finding extraneous offense evidence probative and admissible under

Rule 403 when the prior offense occurred twenty-five years before the charged offense); *see also Gaytan v. State*, 331 S.W.3d 218, 228 (Tex. App.—Austin 2011, pet ref'd) (finding evidence of extraneous offense to be admissible under Rule 403 when the prior offenses occurred more than twenty years before the charged offense). Here, appellant was convicted of the prior offense in 2000 and the current charged offense occurred in 2010, a period of ten years. While this does impact the probative value of appellant's extraneous offense evidence, remoteness alone is insufficient to exclude evidence of an extraneous offense. *See Gaytan*, 331 S.W.3d at 226–27.

As previously discussed, the evidence has probative value because it tends to rebut the defensive theory of fabrication. *See Newton*, 301 S.W.3d at 320. The trial court could have reasonably found that the ten years between the two offenses did not render the prior offense so remote as to outweigh the evidence's probative value.

As to the second factor, the State's need for the extraneous offense evidence, the State had neither physical evidence nor any eyewitnesses other than C.F., and C.F. did not make the outcry until she returned to Wyoming. The State demonstrated the need for the evidence to rebut appellant's defensive theory that C.F. fabricated the allegations because she disliked him and wanted to remain in Wyoming with her friends and paternal family. *See id.* Because the State lacked any alternative evidence to corroborate C.F.'s outcry and direct testimony, the trial court could have reasonably concluded the State's need for the extraneous offense evidence was substantial. *See id.* (finding the State's lack of physical evidence or eyewitnesses weighed in favor of admissibility).

Day also asserts that the introduction of the prior conviction misled the jury and caused jurors to reach a decision on an improper basis. Sexually based crimes against

11

children carry an inherent prejudicial effect and tend to suggest a verdict on an improper basis. *See Montgomery*, 810 S.W.2d at 397 ("Both sexually related misconduct and misconduct involving children are inherently inflammatory."). While the trial court's limiting instruction to the jury and a similar instruction in the jury charge reduced the danger of unfair prejudice, this factor weighs against admitting the evidence. *See Newton*, 301 S.W.3d at 320.

Lastly, the introduction of the evidence consisted of a fingerprint expert's testimony and was not repetitive. The testimony was relatively brief and only occupied approximately ten pages of the eight-volume trial transcript. *See Lane v. State*, 933 S.W.2d 504, 520 (Tex. Crim. App. 1996) (holding that the time to develop evidence was not excessive when testimony was less than one-fifth of the trial testimony). We hold that, because the extraneous offense evidence was not too time-consuming or repetitive, this factor weighs in favor of admission.

Under Rule 403, evidence is only to be excluded when there is a clear disparity between the degree of prejudice of the offered evidence and its probative value. *Hammer*, 296 S.W.3d at 568. We cannot say there is clearly a disparity between the danger of prejudicial effect and probative value. The trial court could have reasonably concluded that Day's prior conviction should be admitted under Rule 403. After balancing these factors, we hold that the trial court did not abuse its discretion when it determined that the prior offense evidence was more probative than prejudicial. We overrule appellant's second issue.

## III. Conclusion

The trial court's judgment is affirmed.

DORI CONTRERAS GARZA,
Justice

Do Not Publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
23rd day of July, 2015.



# THE THIRTEENTH COURT OF APPEALS

## 13-14-00040-CR

Billy Ray Day Jr.
v.
The State of Texas

On Appeal from the
66th District Court of Hill County, Texas
Trial Cause No. 36,868

## JUDGMENT

THE THIRTEENTH COURT OF APPEALS, having considered this cause on appeal, concludes that the judgment of the trial court should be AFFIRMED. The Court orders the judgment of the trial court AFFIRMED.

We further order this decision certified below for observance.

July 23, 2015

1233316

Danny Rivera # 1235314
B. Clements Unit
9601 Spur 571
Amarillo, Tx. 79107

(Legal Mail)





To: 13ᵀᴴ District Court of Appeals
%: Clerk
901 Leopard St, 10ᵀᴴ Floor
Corpus Christy Tx. 78401